UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| K.K.G., a minor, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    No. 4:18-CV-1716-PLC |
| | ) |
| ST. LOUIS COUNTY, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner K.K.G., a minor, seeks leave to proceed in forma pauperis in this habeas corpus action brought under 28 U.S.C. § 2254. The motion is granted. Furthermore, based upon a review of the petition, the Court finds that the petition should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss an action filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Petitioner K.K.G. is a minor currently confined at the Piney Ridge Treatment Facility. Through her father Paul Green, who seeks to be appointed next friend, K.K.G. states that the St. Louis County Family Court lacks jurisdiction to keep K.K.G. confined.[1] She seeks release to her parents' custody "[a]s the state court has no jurisdiction as of February 23, 2015." She states the state court proceedings are still pending, and she "just realized that the court has no jurisdiction" because all charges against her parents were dismissed or stricken from the record. She states that the St. Louis County Family Court dismissed and struck all charges on February 2015, but that on a motion to dismiss in July 2018, the "court claimed to have jurisdiction."[2] Plaintiff also states the "Judge refused to sign the appeal," so she did not appeal the trial court's decision.

**Discussion**

Petitioner filed this action as a writ of habeas corpus under 28 U.S.C. § 2254. To the extent petitioner is in custody pursuant to the judgment of a State court, and seeks habeas corpus relief, she has not exhausted any of her state court remedies, which is a prerequisite for federal habeas review. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). Petitioner stated

---

[1] The Court notes that petitioner's motion for appointment of next friend is signed by her father, but is not signed by her. *See* ECF No. 3. Because the Court is dismissing this action as procedurally barred and for lack of jurisdiction, it will not address plaintiff's motion for appointment of next friend.

[2] Because the underlying state court matter is a juvenile matter pending in the St. Louis County Family Court, this Court does not have access to the docket report or the case filings. *See* Pet. at 2-3, citing Case No. 15SL-JU00061.

that she filed an appeal, but could not identify the case number, and stated "Judge refused to sign the appeal." In Missouri, exhaustion includes filing a direct appeal. Mo. R. Crim. P. 24.035(k). Petitioner has not obtained direct review of her case, and her petition is therefore procedurally barred.

To the extent petitioner seeks to be transferred to the custody of her parents, the Court does not have jurisdiction to order such relief. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. Here, petitioner is asking this Court to release her from the Piney Ridge Treatment Facility to the custody of her parents. This Court cannot, as petitioner suggests, change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice. Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of October, 2018.

                                                            /s/ Catherine D. Perry
                                                            CATHERINE D. PERRY
                                                            UNITED STATES DISTRICT JUDGE